**Mark WILSON, Plaintiff–Appellant,**

v.

**CITY OF LIVERMORE, KENTUCKY and Charles Cobb, Defendants–Appellees.**

No. 99–6137.

United States Court of Appeals, Sixth Circuit.

Jan. 9, 2001.

Before KENNEDY, NORRIS, and COLE, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiff appeals the grant of summary judgment to defendants on his claim that

Livermore City Police Chief, Charles Cobb, while acting under color of state law, swore out a criminal complaint against Wilson and caused him to be arrested without probable cause constituting a deprivation of plaintiff's liberty without due process of law through malicious prosecution and false arrest, in violation of plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution. Plaintiff also brought state law claims for false arrest and malicious prosecution against Cobb. In addition, plaintiff brought a section 1983 claim and state law claims against the city of Livermore. The district court granted summary judgment to defendants on all counts and plaintiff appeals. For the reasons stated below, we AFFIRM the judgment of the district court.

### I.

In September of 1995, Police Chief Charles Cobb was conducting an undercover investigation into the sale of illegal drugs in McLean County, Kentucky. On September 29, 1995, Cobb used an undercover informant, known as "Steve," for the purpose of buying controlled substances as part of the investigation. Cobb met with the informant in the afternoon on that date and conducted a pre-investigation interview. Cobb searched the informant to ensure that he had no marijuana on his person or in his vehicle. Cobb then gave the informant fifty dollars to purchase the marijuana and equipped him with an audio recording device. Cobb kept the informant under surveillance until the informant met with plaintiff Mark Wilson. The informant and Wilson then went to the home of Terry Potts. Cobb continued surveillance until the two entered Potts' home. Plaintiff later left Terry Potts'

home and the informant subsequently left and met with Cobb.

Cobb testified that during that meeting with the informant, the informant told Cobb that he had given the fifty dollars to Wilson and Wilson had left to obtain .25 ounces of marijuana. Wilson was to return to Potts' house with the marijuana and give it to the informant. Cobb then checked the informant's recording device, changed the audio tape, and told the informant to return to Potts' house. Cobb kept the informant under surveillance until he re-entered Potts' home.

Sometime later, the informant left Potts' house and met again with Cobb. The informant produced a substance which he identified as marijuana and said that the substance came from Mark Wilson. The substance was later identified by the Kentucky State Police Crime Lab as marijuana.

Cobb continued the undercover investigation into the sale of illegal drugs in McLean County until approximately September 1996 when several arrests were made. On September 19, 1996, Cobb swore to a criminal complaint in which Mark Wilson was alleged to have "trafficked in a control [sic] substance near a school by unlawfully selling marijuana." Prior to swearing to the criminal complaint, Cobb went to the office of the McLean County Property Valuation Administrator to review the aerial maps of the City of Calhoun and concluded that the residence of Terry Potts was within one thousand yards of the nearest school. On September 17, 1996, the McLean County District Court issued an arrest warrant for plaintiff Mark Wilson for trafficking a controlled substance near a school in violation of Ken.Rev.Stat. 218A.1411.[1] Wilson was

---

1. Ken.Rev.Stat. 218A.1411 provides:

Any person who unlawfully traffics in a controlled substance classified in Schedules

arrested on September 28, 1996 by Officer Michael Kiplinger of the Calhoun Police Department.

Officer Kiplinger testified that on the night of the arrest, Wilson admitted that he sold marijuana and offered to work as a confidential informant in return for leniency, and that Wilson signed the Informant Interview Report and Information Source forms at that time. Both Officers Kiplinger and Cobb testified that Wilson met with them to discuss becoming a confidential informant and again admitted to selling the marijuana on the night in question. Wilson denies speaking to either officer or signing any documents. The undercover informant did not provide any testimony in this case.

On October 28, 1996 Cobb testified before the McLean County Grand Jury and the Grand Jury indicted Wilson. At approximately the time of the indictment, Wilson was discharged from his job as a custodian at the Livermore Elementary School. Wilson testified that the school officials told him that they could not have an individual working at the school who had been arrested on drug charges. On November 26, 1996, Wilson appeared before the McLean Circuit Court. The Circuit Court dismissed the charge against Wilson, on the grounds that the Potts' residence was more than one thousand yards from a school.

Wilson then instituted a civil action in the district court against the City of Livermore and Chief Cobb alleging the tort of malicious prosecution under Kentucky law and a violation of Wilson's constitutional rights under the Fourth, Fifth and Four-

teenth Amendments, as actionable under 42 U.S.C. § 1983. Wilson alleged that defendants did not have probable cause for his arrest or subsequent prosecution. The district court granted summary judgment in favor of defendants, holding that Cobb had probable cause for the arrest and prosecution. Plaintiff Wilson now appeals.

## II.

This court reviews a grant of summary judgment de novo. *Henegar v. Banta,* 27 F.3d 223, 225 (6th Cir.1994). Summary judgment may be granted only when the court finds that the pleadings, depositions, interrogatories and affidavits on file establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56.

## III.

Plaintiff argues that summary judgment in favor of defendant Cobb on the state law malicious prosecution and the federal section 1983 malicious prosecution claims was inappropriate because Cobb did not have probable cause to believe that plaintiff sold marijuana to the undercover informant within one thousand yards of a school. In fact, the evidence demonstrates that there was probable cause both for the arrest and the subsequent prosecution.

As the district court correctly stated, "[t]o successfully state a claim under 42 U.S.C. § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Adams v. Metiva,* 31 F.3d

I, II, III, IV or V, or a controlled substance analogue in any building used primarily for classroom instruction in a school or on any premises located within one thousand (1,000) yards of any school building used primarily for classroom instruction shall be

guilty of a Class D felony, unless a more severe penalty is set forth in this chapter, in which case the higher penalty shall apply. The measurement shall be taken in a straight line from the nearest wall of the school to the place of violation.

375, 386 (6th Cir.1994). In *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the Supreme Court explicitly refused to recognize a substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause. *Id.* at 268. Rejecting substantive due process as a basis for the section 1983 claim of malicious prosecution, the Court stated that when a section 1983 claim implicates the Fourth Amendment prohibition against unlawful seizures, the claim must be brought under the Fourth Amendment. The Court explained that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims.'" *Id.* at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Thus, the district court correctly concluded that "[i]n as much as Plaintiff states his § 1983 claim for malicious prosecution in terms of a violation of his substantive due process rights of the Fifth Amendment, the claim is dismissed." (J.A. 46.) Plaintiff did also allege a violation of his Fourth Amendment rights as a basis for his section 1983 claim, however.

As discussed above, plaintiff's section 1983 action must be brought under the Fourth Amendment. Regardless of whether the specific elements of that federal section 1983 malicious prosecution claim are defined by state or federal law, a successful action here will require a violation of plaintiff's Fourth Amendment right

against unlawful seizures. We need not evaluate, therefore, whether a federal section 1983 claim for malicious prosecution is defined by the elements of the parallel state law action, and we decline to do so. Defendants here have demonstrated sufficient probable cause in either case to justify both the arrest and subsequent prosecution.

■ In determining whether probable cause exists:

[A] reviewing court is to take into account the 'factual and practical considerations of everyday life' that would lead a reasonable person to determine that there is a reasonable probability that illegality has occurred or is about to occur.... [W]hile officers must show more than mere suspicion, the probable cause requirement does not require that they possess evidence sufficient to establish a prima facie case at trial, much less evidence sufficient to establish guilt beyond a reasonable doubt.

*Id.* at 415–16 (citing *Illinois v. Gates*, 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). In the present case, the evidence clearly supports the district court's conclusion that Cobb had probable cause to arrest Wilson. Cobb relied on statements from the undercover informant specifically stating that plaintiff sold him marijuana.[2] Cobb searched the informant for any drugs prior to the planned meeting and equipped the informant with a recording device. Cobb kept the informant under surveillance until the informant met with the suspect, met with the informant again, watched the informant return to Potts' house, and finally met with the informant again at which time the informant produced drugs that he said he purchased from Wilson. In addition, Cobb investigat-

---

2. Cobb's overall investigation involved the use of confidential informant's to purchase illegal drugs. Cobb coordinated the controlled buy with the informant ahead of time, and the

information provided by the informant constitutes an eyewitness report of the criminal activity.

ed the location of the house and its proximity to a school before supporting a charge against Wilson. Clearly Cobb relied on significantly more than a mere suspicion of Wilson and could reasonably "determine that there [was] a reasonable probability that illegality [had] occurred." *Id.* In addition, probable cause continued at the time of the indictment because Cobb relied on Wilson's confession on the night of his arrest. The district court did not err in concluding that Wilson's arrest and subsequent prosecution were supported by probable cause.

Because his arrest and prosecution were supported by probable cause, plaintiff has failed to state a malicious prosecution cause of action under section 1983 and has failed to make any showing of malice as required under the Kentucky state law tort action. The district court did not err in granting summary judgment to defendant on both his federal and state malicious prosecution claims.

## IV.

We also affirm the district court's order granting summary judgment to defendant city of Livermore. As the district court stated, "[w]here a plaintiff has failed to establish that his constitutional rights were violated, there can be no municipal liability under § 1983." (J.A. 50, citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)). Similarly, the district court correctly concluded that because Cobb had probable cause to initiate the prosecution, the city of Livermore was entitled to summary judgment on the state law claim as well.

## V.

For the reasons stated above, we AFFIRM the district court's order granting

* The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation.

summary judgment to defendants on all claims.